**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUANERFE ORDONEZ, | No. 19-71133 |
| Petitioner, | Agency No. A070-080-715 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Guanerfe Ordonez, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.

The BIA did not abuse its discretion in denying Ordonez's untimely and number-barred motion to reopen where Ordonez failed to demonstrate a material change in country conditions in Guatemala to qualify for an exception to the time and number limitations for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 990-91 (BIA did not abuse its discretion where evidence of general country conditions was not material to petitioner's claim).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**